FILED
2017 Sep-21  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

## SOUTHERN DIVISION

**RODERICK JACKSON**

**Plaintiff,**

vs.                                                    Case No.:

**BIRMINGHAM BOARD OF**                    **JURY DEMAND**

**EDUCATION,**

                                                        **2:17-cv-01629-JHE**

**Defendant.**

## COMPLAINT

### I.     INTRODUCTION, JURISDICTION & VENUE

1.  This suit is authorized and instituted pursuant to Title VII OF THE Act of

    Congress known as the "Civil Rights Act of 1964," as amended by the

    "Civil Rights Act of 1991," (hereinafter referred to as "Title VII"), 29 U. S.

    C. § 621, et seq., known as the "Age Discrimination in Employment Act of

    1967" (hereinafter the "ADEA"),  and the Alabama Age Discrimination in

    Employment Act, Ala. Code § 25-1-20, et seq. (hereinafter the "AADEA").

    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28

    U.S.C. § 1343(4) 42 U. S. C. § 2000e et seq., 28 U. S. C § § 2201-2202, and

28 U.S.C. § 1367 with respect Plaintiff's State law claim under Ala. CODE § 25-1-20, et seq.

2. The Venue of this action is properly placed in the district court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 139 142 U.S.C. § 2000e(f)(3) because Plaintiff's claims arise in this district. Further, as set forth below, all parties are located within the Northern District of Alabama, Southern Division.

## II.    PARTIES

3. Plaintiff, Mr. Roderick L. Jackson (hereinafter referred to as "Mr. Jackson" or "Plaintiff",) is a male citizen of the United States of America, born on ███████, 1965.

4. Mr. Jackson is a resident of Birmingham, Alabama.

5. Mrs. Jackson is and was over the age of forty (40) at all times relevant to this cause of action.

6. Defendant, Birmingham Board of Education (hereinafter referred to as the "BBOE" or "Defendant") is a governmental entity with in the State of Alabama, which employ at least fifteen (15) or more persons, and otherwise meets the jurisdictional prerequisites of Title VII, and § 1983.

## III. ADMINISTRATIVE PROCEDURES

7. Plaintiff hereby adopts and re-alleges paragraphs one (1) through six (6) above as if fully set forth herein.

8. Mr. Jackson brings this action for the unlawful employment practices and acts of intentional discrimination that occurred while he has been employed with the Defendant.

9. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees, a committed with respect to Plaintiff's employment; and, for a permanent injunction restrain Defendant from maintaining a habit and/or practice of discriminating and retaliating against Plaintiff and others similarly situated on the basis of gender and age.

10. On July 7, 2016, within one-hundred eighty (180) days of the last discriminatory and retaliatory act of which Plaintiff herein complains, Plaintiff filed a Charge of Discrimination (hereinafter the "First Charge") with the United States Equal Employment Opportunity Commission (hereinafter referred to as the ("EEOC").

11. The discriminatory and retaliatory acts perpetuated against Plaintiff by Defendant continued following the filing of the First Charge.

12. As such, Plaintiff filed continues chares with the EEOC on or about July 29, 2016, August 2016, September 2016, October 2016, and February 2017 detailing continued acts of discrimination and retaliation.

13. The First Charge and the Amended Charge were collectively assigned Charge number **420-2016-02784.** (See Exhibit "A").

14. The EEOC sent Plaintiff a Notice of Right to Sue with respect to Charge number **420-2016-02784** on June 20, 2017. (See Exhibit "B").

15. Plaintiff received the Notice of Right to Sue on June 24, 2017.

16. All administrative prerequisites for filing this action have been satisfied, and Plaintiff is entitled to bring this action.

## IV.   FACTUAL ALLEGATIONS

17. Plaintiff hereby adopts and re-alleges paragraphs (1) through sixteen (16) above as if fully set forth herein

18. Plaintiff received his Bachelors of Science degree from the University of Alabama at Birmingham in 1992. Plaintiff achieved State and NCATE Certifications and remains certified until today.

19. Plaintiff's Bachelors of Science degree was in Physical Education with a concentration in Coaching.

20. Along with his degree, Plaintiff obtained an endorsement from the University in Adaptive Physical Education.

21. This endorsement permitted Plaintiff to teach special needs students.

22. Defendant hired Plaintiff in November of 1992.

23. Plaintiff has been employed in education since November of 1992.

24. Plaintiff's first assignment with the BBOE was at N. H. Price Elementary School as a permanent Substitute Teacher.

25. From 1993 until 1997, Plaintiff was assigned to Councill Elementary School as a Physical Education and Health Teacher

26. Plaintiff also formed and coached a basketball team for the Elementary students while at Councill Elementary School. Plaintiff also organized a league for the entire City School System. Plaintiff served as Athletic Director for Birmingham Community Schools-East Zone.

27. Plaintiff became a tenured teacher/coach with the "**BBOE**" in 1996.

28. From 1997 through 1999, Plaintiff was assigned to Green Acres Middle School and Earnest F. Bush Middle School.  Plaintiff served as Athletic Department Liaison for the System-wide Athletic Director.

29. While assigned to Green Acres and Bush Middle Schools, Plaintiff was the Girls' Basketball Coach (Green Acres),  The Head Boys' Basketball Coach

(Bush), and a Physical Education Teacher. The Green Acres' team made it
to the Final Four after finishing dead last under the previous coach.

30. Plaintiff won a City Championship as Head Coach of the Bush Middle
School Boys' Basketball team.

31. In 1999, Plaintiff received a Master's of Science degree from Alabama State
University in Physical Education with a concentration in Coaching.

32. From 1999 until 2006, Plaintiff was the Head Girls' Basketball Coach, the
Head Girls' Soccer Coach, the Physical Education Teacher, and the Drivers'
Education Instructor at Ensley High School.

33. From 2006 until 2011, Plaintiff was the Head Girls' Basketball Coach,
Physical Education teacher, and Health Teacher at P.D. Jackson-Olin High
School.

34. In 2011 and 2012, Plaintiff was the Drivers' Education Instructor at
Woodlawn High School. Plaintiff was continuously moved from Jackson-
Olin High to Woodlawn High, Parker High, and Huffman High, and
suddenly demoted to Sun Valley Elementary, the lowest level.

35. Plaintiff has been denied transfers back to where he was assigned
repeatedly. He has been kept in the elementary level where others have been
allowed to advance with lesser qualifications.

36. Beginning with the first semester of the 2013-2014 school year, and continuing through to present, Plaintiff has been the Physical Education Teacher at Sun Valley Elementary School. All transfers have been denied, even when given a one-year coaching job at Hayes K-8 School.

37. In April and May on 2016, Plaintiff applied for the vacant Health and Physical Education Teacher position at Huffman High, and Woodlawn High and Jackson-Olin High.

38. Despite Plaintiff's superior qualifications and experience, the position to which Plaintiff applied was awarded to an applicant with less education and experience than Plaintiff. In these particular cases, the Defendant refuses to post these jobs despite calls made to Human Resources.

39. Defendant awarded the Ramsay High position to an individual that was not a member of Plaintiff's protected class with the respect to his age (over the age of forty), or having participated in protected activity with the EEOC.

40. In fact, the technology experts Mrs. Dottie West, Anthony Gardner, as well as the field technicians, noted the unusual problems I have with being "**kicked out**" of the system and unable to access even the job line.

41. While coaching at Hayes K-8, Plaintiff was still denied coaching credentials, parking passes, and access to basic state or AHSAA online tools.

42. On or about April 2016, January 7, 2017, and February 2017, Plaintiff applied for the Athletic Director, Assistant Athletic Director, Physical Education Program Assistant positions.

43. Despite Plaintiff's superior qualifications and experience, the position to which Plaintiff applied was awarded to an applicant with less education and experience than Plaintiff.

44. Defendant awarded the Athletic Director, Assistant Athletic, Director, and Program Specialist position to an individual who was not a member of Plaintiff's protected class with respect to his age (over forty years of age).

45. Due to being passed over for positions to which Plaintiff applied and for which he was more than qualified, he filed the First Charge on July 7, 2016.

46. On or about September of 2016, Plaintiff applied for the Physical Education and Health Teacher position at Huffman High School.

47. Defendant award the Huffman and Woodlawn to an individual who was not a member of Plaintiff's protected class with respect to his age (over forty years of age) or sex (male).

48. In fact, the individual to whom the Defendant awarded the Huffman positions is substantially younger than Plaintiff.

49. Despite Plaintiff's superior qualifications and experience, the positions to which Plaintiff applied in this regard were awarded to an applicant with less

education and experience than Plaintiff. Plaintiff placed another applicant

with no degree nor certification in the Athletic Director's position.

50. Defendant awarded positions to individuals who are listed as substitutes in

similar positions across the system, and are not members of Plaintiff's

protected class with respect to his age (over forty years of age).

51. Also in 2016, Plaintiff applied for the Girls' and Boys' Head Basketball

Coach positions at George Washington Carver High School. Also, applied

for the Physical Education position.

52. Despite Plaintiff's superior qualifications and experience, the positions to

which Plaintiff applied in this regard were awarded to an applicant with less

education and experience than Plaintiff.

53. Defendant awarded the George Washington Carver positions to an

individual who was not a member of Plaintiff's protected class with respect

to his age (over forty years of age).

54. Also in 2016, Plaintiff applied for the Head Boys' Coach Position at

Ramsey High School.

55. Despite Plaintiff's superior qualifications and experience, the positions to

which Plaintiff applied in this regard were awarded to an applicant with less

education and experience than Plaintiff. Defendant wants Plaintiff to be

made in example of and labeled "**Kindergarten Cop**".

56. Defendant awarded the Ramsay position to an individual who was not a member of Plaintiff's protected classes with respect to his age (over forty years of age). Plaintiff has no chance to advance to the college ranks from the elementary school setting.

57. Despite Plaintiff's numerous attempts to secure a position with Defendant which would allow him to Coach, or to otherwise utilize his education, experience, and expertise in manner beneficial to Defendant's students, Plaintiff has been overlooked and disregarded.

58. In fact, of all this positions for which Plaintiff has applied since March 2016, Defendant has not provided him with any (0) interviews.

59. Plaintiff was not even notified that he was not selected for any of the certified positions.

## V. STATEMENT OF PLAINTIFF'S CLAIMS

## <u>TITLE VLL-SEX DISCRININATION</u>

60. Plaintiff hereby adopts and re-alleges paragraphs (1) through fifty-nine (59) about as if fully set forth here.

61. Plaintiff was in a protected class and came within the coverage of Title VII.

62. Plaintiff applied with Defendant for the Huffman High School Physical Education/Health Teacher position.

63. In express violation of Title VII, Defendant discriminated against Plaintiff by refusing to hire Plaintiff for the Huffman's Girls' Soccer Coach, as well as Woodlawn High Girls Soccer Coach and instead awarding the position to an individual outside of Plaintiff's protected class (male), who was less educated and less qualified for the position than Plaintiff.

64. As a direct and proximate result of Defendants' discriminatory conduct against Plaintiff as alleged, Plaintiff has been damaged financially, physically, and emotionally; he has suffered humiliation, emotional pain, physical pain, mental anguish, and loss of enjoyment in life.

## ADEA-AGE DISCRIMINATION

## IN VIOLATION OF 29 U.S.C. § 621, et seq.

65. Plaintiff herby adopts and re-alleges paragraphs (1) through sixty four (64) above as if fully set forth herein.

66. Plaintiff applied for numerous Physical Education, Health, Administrative and/or Specialist positions with Defendant between the years of March 2016 through September 2017.

67. Despite being the most educated, experienced, and qualified candidate for the positions to which he applied, Defendant awarded the positions to less experienced, less educated individuals who were much younger than Plaintiff.

68. The individual to which the Defendant awarded the positions to which Plaintiff applied were not members of Plaintiff's protected class with respect to his age (over forty years of age).

69. As a direct and proximate result of Defendant's discriminatory conduct against Plaintiff as alleged, Plaintiff has been damaged financially, physically, and emotionally; he has suffered humiliation, emotional pain, physical pain, mental anguish, and loss of enjoyment in life.

## ALABAMA AGE DISCRIMINATION IN EMPLOYMENT ACT
### (AADEA)- Ala. Code § 25-1-20, et seq

70. Plaintiff hereby adopts and re-alleges paragraphs one (1) sixty-nine (69) above as if fully set forth herein.

71. This Count is bought pursuant to Alabama Code § 25-1-20, et seq., for the redress of unlawful age discrimination in employment.

72. Plaintiff has been employed by Defendant since 1992.

73. Plaintiff's current position with Defendant is as a Physical Education Teacher at Sun Valley Elementary School.

74. Defendant unlawfully discriminated against Plaintiff because of Plaintiff's age in that Defendant refused to award Plaintiff positions to which he applied and for which he was the most qualified applicant.

75. As a proximate result of Defendant's unlawful discrimination against Plaintiff, Plaintiff was injured and damaged in that Plaintiff suffered loss of income, Plaintiff suffered emotional distress and/or emotional anguish, and Plaintiff lost valuable employment benefits and rights.

76. Due to the nature of Defendant's conduct, Plaintiff claims liquidated damages of Defendant.

77. As a direct and proximate result of Defendant's discriminatory conduct against Plaintiff as alleged, Plaintiff has been damaged financially, physically, and emotionally; he has suffered humiliation, emotional pain, physical pain, mental anguish, and loss of enjoyment in life.

## TITLE VII-RETALIATION

78. Plaintiff hereby adopts and re-alleges paragraph one (1) through seventy-seven (77) above as if fully set forth herein.

79. On or about July 7, 2016, Plaintiff filed the First Charge due to the fact that he was being discriminated against by Defendant.

80. Following the filing of the First Charge, Plaintiff continued to be denied the opportunity afforded to the other individuals –those employed by Defendant or otherwise- who had not engaged in a protected activity as did Plaintiff.

81. To that end, Defendant continued to deny Plaintiff the opportunity to even interview for positions for which he applied, and for which he was the most educated, experienced, and qualified candidate.

82. Additionally, in retaliation for Plaintiff engaging in statutorily protected activity, Defendant involuntarily transferred Plaintiff to different and undesirable positions within the Defendant's school system.

83. As a direct and proximate result of Defendant's discriminatory conduct against Plaintiff as alleged, Plaintiff has been damaged financially, physically, and emotionally; he has suffered humiliation, emotional pain, physical pain, mental anguish, and loss of enjoyment in life.

## VI.   PRAYER FOR RELIEF

WHEREFORE, THE Plaintiff respectfully prays that this Court assume jurisdiction for this action, and after trial:

A.  Issues a declaratory judgment that the discriminatory practices, policies, procedures, and customs of the Defendant violated and continue to violate the rights secured to Plaintiff.

B.  Grant Plaintiff a permanent injunction enjoying the Defendant, its agents, successors, employees, attorneys, and any acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as described herein.

C.  Grant the Plaintiff an order requiring the Defendants to make Plaintiff whole by awarding Plaintiff back pay, compensatory, punitive, special and/or nominal damages.

D.  The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses of this action.

**Plaintiff demands trial by jury,**

Respectfully submitted,

_Roderick L. Jackson_

Roderick L. Jackson

7747- Clayton Cove Pkwy,
Pinson, Alabama 35126
205. 602.9071

Proceeding *pro se*

## PLAINTIFF'S ADDRESS

Mr. Roderick L. Jackson
7747-Clayton Cove Parkway
Birmingham, Alabama 35216

## PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:

Birmingham Board of Education

2015 Park Place

Birmingham, Alabama 35203

# EXHIBIT "A"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | RECEIVED JUL - 7 2016 FEPA X EEOC BIRMINGHAM DISTRICT | 420-2016-02784 |



and EEOC

_____
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|---|
| Mr. Roderick L. Jackson | | (205) 602-9071 | ▮▮▮▮ |

| Street Address | City, State and ZIP Code |
|---|---|
| 1517 Cedar Gate Circle, Birmingham, AL 35235 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BIRMINGHAM CITY SCHOOLS | 500 or More | (205) 231-4600 |

| Street Address | City, State and ZIP Code |
|---|---|
| Po Box 10007, Birmingham, AL 35201 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-07-2016      Latest: 06-29-2016

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified individual. I was hired by the above named employer in August of 1993 as a Physical Education Teacher and Coach.

I filed a charge of discrimination with the EEOC on July 1, 2013 (and amended it on December 12, 2013). I received a Notice of Right to Sue and filed a charge in Federal District Court in October of 2014. My case was mediated on or about January 2016. Since the mediation concluded, I let Birmingham City Schools know that I was interested in High School Teaching/Coaching positions at Ramsay High, Huffman High, Jackson-Olin High, and Carver High. I knew there were vacancies, so I let Birmingham City Schools know I was interested. I am qualified for the positions. I was not selected, nor interviewed. Individuals that were less qualified than myself that are outside my protected groups were selected.

I believe I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jul 07, 2016**              *Roderick Jackson* (signature)   Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

The Particulars are: This is a supplement to on-going discriminatory treatment dating back to my most recent Charge # 420-2013-02509 , as supplemented and amended July 1, 2013 and December 12, 2013, supposedly ending in a federal civil rights lawsuit filed on or about October 16, 2014 and mediated on or about January/February 2016. Since that legal action I have experienced additional acts of discrimination and/or retaliation. I have asked, as told in early 2016 that I could apply for any and all high school teaching, coaching, and high school athletic director jobs in the Birmingham Public Schools, despite prior legal complaints. The Birmingham Board of Education has departed once again from it's own policies and procedures and are Not Posting Jobs to avoid me from applying for those high school jobs. This is an "end around of established law". They will probably post them now that the EEOC has received this formal complaint and do another "end around the law" again. The jobs I have expressed interest in, which would be a promotion include but are not limited to : Ramsay High PE, Ramsay High Boys Basketball, Huffman High PE ( applied before when Coach Alvin Barbour retired 2015; applied again this year early 2016 when Coach Alan Plump passed away. Also, I came from Huffman High before the fraudulent R.I.F. of 2013), Jackson-Olin High PE, Jackson-Olin High Boys Basketball, Carver High PE, Carver High Boys Basketball, etc. I have tried, using cell and home phone to talk with the current Superintendent of Schools as well as the current Director of Curriculum about my situation as well as the restoration of a very, very popular and money-saving Driver Education class that Saves Lives. Their silence and refusal to give me a sitdown meeting validates my contention all along that the class was killed as a retaliatory tool against me and my history of working through the EEOC to address Title VII, Title IX Retaliation, Age Discrimination, and other such acts. I also tried to meet with the former superintendents Dr.Craig Witherspoon, Dr.Stan Mims, Ms. Barbara Allen, and Dr. Waymon Shiver. The negative treatment that I continue to receive, even after concluding a federal lawsuit five months ago approx., is an organized practice of demeaning, belittling , and degrading me for participating in protected activity which is having been involved in legal proceedings from October 2014 thru Jan./Feb.2016. the BOE has wasted no time trying to "put me in my place" by telling me I have to be "placed where I fit in", whatever that means. This a defining knockout punch to my professional teaching and coaching career with no chance of advancement like others that are younger , less qualified, and haven't filed a legal complaint or participated in protected activity. My experiences in not being interviewed or allowed to apply for the numerous teaching, coaching, and athletic director jobs across this large city, leads me to believe that respondent has not only 'blackballed' me but has effectively put a "BULLSEYE" on my back and my career. I truly believe that Respondent gets more creative with their retaliation against me because of the history I outlined earlier as well as the many times my landmark case has been used to fight discrimination , that 2005 U.S.Supreme Court case was Jackson v. Birmingham Board of Education, 544 U.S. 167 .

# EXHIBIT "B"

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Roderick L. Jackson**<br>**1517 Cedar Gate Circle**<br>**Birmingham, AL 35235** | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street**<br>**Birmingham, AL 35205** |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2016-02784** | **MICHAEL G. ALBERT,**<br>**Investigator** | **(205) 212-2111** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Delner Franklin-Thomas,**
**District Director**

JUN 2 0 2017
*(Date Mailed)*

cc: **BIRMINGHAM CITY SCHOOLS**
**Ashaunti Parker**
**Interim Staff Attorney**
**2015 Park Place North**
**Birmingham, AL 35203**